UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN J. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-CV-1045-RLW |
| THOMAS J. FRAWLEY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of John J. Smith for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in

either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against defendants Thomas J. Frawley (Special Judge), Karl Demarce (Special Judge), Jack Banas (Special Judge), Jack Garvey (Special Judge), Judy Zerr (Circuit Clerk), and Lora J. Smith. Plaintiff seeks monetary relief and an order to temporarily stay a state-court proceeding and execution of social security disability garnishments "arising from the enforcement of [a] void [state] judgement" and declare the state judgments "void and unenforceable." Plaintiff claims that the state trial judge exhibited "actual hostility and prejudice" towards him.

## Discussion

Having carefully reviewed plaintiff's allegations, the Court concludes that this action will be dismissed for lack of subject matter jurisdiction. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). Thus, to the extent that plaintiff is requesting this Court to review the merits of his state-court actions relative to his Family Court issues and the garnishment of his social security disability benefits, this Court lacks the jurisdiction to do so. "Review of state court decisions may be had only in the Supreme Court." *Id*. Moreover, plaintiff does not allege, nor does it appear, that diversity of jurisdiction exists in this case. Thus, even if the Court were to liberally construe this action as having been brought under 28 U.S.C. § 1332, subject matter jurisdiction would be lacking.

For these reasons, the Court will dismiss this action for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks subject matter jurisdiction over this case. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for counsel [Doc. #3] is **DENIED as moot**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th Day of July, 2015.

*Ronnie L. White*
UNITED STATES DISTRICT JUDGE